### In re LONG BEACH LAND CO.

(Supreme Court, Appellate Division, Second Department. June 23, 1905.)

1. TAXATION — ASSESSMENT — OUTSTANDING LEASES — CONSIDERATION BY ASSESSORS.

The validity of a lease of property subject to assessment cannot be questioned by the assessors or by the court in reviewing the assessment, but the lease must be treated as binding, and the assessment made with reference thereto.

2. SAME—REVIEW OF ASSESSMENTS—VALUE OF PROPERTY.

Where assessors, in their return to a writ of certiorari to review an assessment, state that, if petitioner's contention is upheld, they will not require proof of value, but will consent to the entry of an order fixing the value at the sum specified in the petitioner's protest, it is proper for the court, on reducing the assessment in accordance with petitioner's contention, to accept the sum specified in the assessor's return as the value of the property, without further inquiry into that subject.

Appeal from Special Term, Nassau County.

Certiorari by the Long Beach Land Company against William H. S. Smith and others, assessors of the town of Hempstead. From an order reducing petitioners' assessment, the assessors appeal. Affirmed.

See 91 N. Y. Supp. 503.

Argued before BARTLETT, WOODWARD, RICH, and MILLER, JJ.

George Wallace, for appellants.

Fred Ingraham, for respondent Long Beach Land Co.

WILLARD BARTLETT, J. The lands of the respondent, which the assessors valued at $200,000 for purposes of taxation, are subject to certain leases originally made by the town of Hempstead to Thomas R. Sharp for a term of 50 years from March 6, 1880. The assessors, in making their valuation, treated these leases as null and void. They set out in their return, however, that should it be decided by the court that the Long Beach Land Company was not entitled to possession and use of the premises so assessed, by reason of the existence of these leases, they would regard the sum of $200,000 as too high a valuation to be put on the lands; and they further say, "if so decided by the court," they will not put the petitioner to the trouble of offering proof of value, but will consent to the entry of an order fixing the value at $50,000, the sum specified in the protest of the Long Beach Land Company.

As was pointed out by the learned judge who heard the case at Special Term, there is no dispute that the tenant under these leases is in possession, and that possession thereunder has been maintained without question since 1880. We agree with him that it was the duty of the officers to recognize this existing situation, and to make their assessment with reference to it. The court could not determine the validity of the leases—a question solely of equitable cognizance—in this special statutory proceeding, or in the absence of the town of Hempstead and the tenant as parties. It seems quite clear, therefore, that the court below was right in holding that the assessors should have treated the leases as in force. If this is so, it is manifest that the valuation of $200,000 was excessive. The assessors themselves concede as much, and avowed in their return their readiness to assent to a reduction to $50,000 unless the leases were condemned. The counsel who represents them on this appeal, however, insists that this consent is not binding, and the main question in the case is whether the Special Term judge acting thereon was right in reducing the valuation to $50,000, or whether he should have taken testimony as to the value of the land subject to the leases. We do not think that he erred in adopting $50,000 as the true value. We think the statement which has been quoted from the return of the assessors is equivalent to a sworn declaration by those officers that in their judgment the value of the lands to be taxed, assuming them to be subject to the leases, was only $50,000. In view of such a declaration from the officers charged with the

duty of fairly and honestly fixing the value for purposes of assessment, there seems to have been no necessity for further judicial inquiry at the instance of the assessors.

For these reasons, we think the order appealed from should be affirmed.

Final order affirmed, with $10 costs and disbursements. All concur.